# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) The UNITED STATES for the  )
Use and Benefit of ALPHA ROOFING, LLC,  )
an Oklahoma limited liability company,  )
)
       Plaintiff,  )
)
*vs.*  )  Case No. **CIV-18-870-M**
)
(2) BASCO GROUP, LLC, a Texas limited  )
liability company; and  )
(3) AEGIS SECURITY INSURANCE  )
COMPANY, a Pennsylvania insurance company,  )
)
       Defendants.  )

## COMPLAINT

The United States, for the use and benefit of Alpha Roofing, LLC ("Alpha"), states as follows for its complaint against Basco Group, LLC ("Basco"), and Aegis Security Insurance Company ("Aegis"):

### I. PARTIES, JURISDICTION AND VENUE

1. Alpha is a limited liability company formed and existing under the laws of the state of Oklahoma with its principal place of business in Oklahoma City, Oklahoma.

2. Basco is a limited liability company formed and existing under the laws of the state of Texas with its principal places of business in Texas.

3. Aegis is a Pennsylvania Insurance Company authorized to act as a surety in the State of Oklahoma.

4. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and the 40 U.S.C. §§ 3131-3134 (the "Miller Act").

5.  This court possesses pendant jurisdiction over the state law claims stated herein pursuant to 28 U.S.C. § 1367.

6.  Performance and execution of the contract at issue occurred within the territorial boundaries of this Court, and venue is proper pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## II. BACKGROUND

7.  On information and belief, Arctic Slope Regional Corporation ("ARSC") serves as a general contractor for the United States Government.

8.  Pursuant to Prime Contract No. C-16-10-12-174, Basco contracted with ARSC to act as a primary contractor to make, among other things, certain repairs at Vance Airforce Base in Oklahoma.

9.  ARSC required Basco to obtain a Miller Act payment bond in connection with this work.

10. Basco obtained a Miller Act payment bond from Aegis, bearing Bond No. B10 029 284, in the amount of $539,610.08 on or about 17 October 2016 (the "Bond").

11. Basco subcontracted Alpha to repair and replace a roof on Building 415 at Vance Airforce Base.

12. Alpha and Basco are the parties to Sub-Contract No. 16021-01, which sets forth the scope of work to be performed on Building 415, the payment to be made for the work, and the general terms and conditions therefore (the "Contract").

13. The original price for the work to be completed under the Contract was $404,511.75.

14. The parties executed a modification to the Contract in September 2017, which

resulted in an increase of the contract price to $407,211.75.

15. Over the course of several months, Alpha provided material and labor as set forth in the Contract.

16. In return, Basco was required to make partial payments to Alpha in accordance with the terms of the Contract.

17. Alpha satisfied all conditions precedent for the issuance of such partial payments.

18. Basco never made any such payments to Alpha.

19. Alpha's obligations under the Contract were completed, and the work was accepted by ARSC, on or about 12 April 2018.

20. Basco still refused to make any payments to Alpha for work under the Contract.

21. On information and belief, Basco was paid all sums due to it from ARSC for the work performed by Alpha but has knowingly and willfully failed to pay Alpha.

22. Basco disputes $53,391.91 is owed to Alpha under the Contract.

23. However, Basco does not dispute that it owes $353,819.84 to Alpha under the Contract.

24. On or about 15 July 2018, Basco tendered to Alpha a partial payment for $100,000.00, which Alpha accepted.

25. Basco has not made, and refuses to make, any further payments to Alpha for its work performed under the Contract.

26. Aegis is the guarantor for Basco's payment obligations under the Contract.

27. Counsel for Alpha made a claim against the Bond on or about 13 November 2017.

28. Aegis denied with claim, without explanation, and requested more information on 14

November 2017.

29. Counsel for Alpha submitted a proof of claim to Aegis on or about 25 May 2018.

30. On 30 May 2018, Aegis again denied the claim without explanation and further stated its investigation of the claim is ongoing.

31. Aegis has not requested any further information from Alpha, made any communications with Alpha and has not paid the claim.

32. Alpha is a first-tier claimant under the Miller Act.

### III. CAUSES OF ACTION

A. <u>Breach of Contract – Basco</u>

33. Paragraphs 1 through 32 are incorporated herein by reference.

34. Alpha provided materials and completed work under the Contact until around 12 April 2018.

35. Despite its contractual obligations, and despite repeated demand for payment, Basco has failed and refused to pay Alpha in full for the labor and materials Alpha provided under the Contract.

36. In doing so, Basco the Contract with Alpha by failing to pay Alpha in full for the labor and materials it provided under the Contract.

37. Basco's breach of the Contract has directly and proximately caused at least $253,819.84 in damages to Alpha.

B. <u>Action on the Payment Bond against Aegis under the Miller Act – All Defendants</u>

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. Basco supplied ARSC with the Bond issued by Aegis as surety. The Bond binds both

Basco and Aegis, as required by the Miller Act, 40 U.S.C. § 3131(b).

40. The last date on which Alpha performed any labor or provided any materials or anything else for under the Contract was around 12 April 2018.

41. Therefore, more than 90-days have passed since Alpha last provided labor and material under the Contract, yet it has not been paid in full.

42. Accordingly, Aegis and Basco are jointly and severally liable to Alpha for the outstanding principal balance due to Alpha.

43. Alpha timely notified Aegis and Basco of its claim against the Bond in November 2017. Alpha provided all information Aegis requested from it to support its claim, and yet Aegis continues to refuse to make payment of the outstanding principal balance due to Alpha.

44. Accordingly, Aegis and Alpha have defaulted under the Bond by failing to pay Alpha the amounts due. Aegis and Basco's breach of their obligations under the Bond have caused Alpha damages in excess of $253,819.84.

C.     Quantum Meruit and Unjust Enrichment – Basco

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. At all relevant times, Alpha conducted itself in good faith in connection with the provision of services and materials to, for, on behalf of, and at the request of Basco.

47. Such services and material were a benefit to Basco, and Basco knew that Alpha intended to be paid for the same.

48. Alpha has made numerous demands on Basco for the payment of the reasonable value of the services and provided for its benefit.

5

49. Basco was paid by ARSC for Alpha's repair and replacement of a roof on replace a roof on Building 415 at Vance Airforce Base.

50. However, Basco has will failed and refused to pay Alpha the remaining balance due and owing for the reasonable value of the services and materials provided by Alpha to Basco.

51. The reasonable value of the materials and services provided by Alpha to Basco still owing and outstanding is not less than $253,819.84.

52. Basco has accepted the benefits of the services and materials provided by Alpha yet it has failed to pay Alpha in full for the reasonable value of the services and materials without excuse.

53. It is unjust for Basco to enjoy the fruits of Alpha's labor without compensating Alpha for the labor and materials it provided to Basco.

D.   Fraud – Basco

54. Paragraphs 1 through 48 are incorporated herein by reference.

55. Basco set out on a course of conduct to extract labor and services from Alpha with the intention of not paying Alpha for the labor and services rendered.

56. On 16 August 2017, Basco representative Matthew Burden represented to ARSC that he had "cut their [Alpha's] check" after an initial invoice for partial payment was sent by Alpha to Basco.

57. This representation by Burden was false. Alpha never received a check dated on or around August 2017.

58. On or around 7 September 2017, Basco, by Burden and through Lori Martinez

represented to Alpha that ARSC only authorized partial payment for 46% of the replacement of the roof on building 415, instead of the of 75% of the project for which Basco was paid.

59.     On 12 September 2017, Basco, through Lori Martinez, represented that Basco was paid 70.645% of the project on building 415, which was materially false.

60.     On 3 October 2017, Basco, by and through Lori Martinez, represented to Alpha, that "as soon as we're funded the check [to you] will be cut." Although Basco was given a partial payment for the replacement of the roof on building 415 on or around that date, Basco never submitted a check to Alpha.

61.     On 6 October 2017, Basco, through Lori Martinez, represented to Alpha that Basco "finally received" funds from the government for the replacement of the roof on building 415 and that Basco would "cut and process . . . [a check] probably Monday." This statement was materially false, as no such check was ever issued to Alpha.

62.     These statements were materially false and were made by Basco representatives to induce Alpha to continue to finish the roof replacement project on building 415 on Vance Airforce Base in Oklahoma.

63.     Basco had no intention of making these payments as reflected by the fact that such payments have never been made by Basco to Alpha with no excuse or justification even though Basco was paid by the government for the work Alpha performed.

64.     Alpha relied upon these representations by continuing to perform work in building 415 with the belief that Basco would pay it for the work on the building Alpha performed.

65.     Alpha in fact completed all work requested of it on the roof on building 415, relying

upon Basco's representations that payment, or at least partial payment, was either made by the ARSC or immediately forthcoming.

66. Basco made these misrepresentations with the intent for Alpha to complete the replacement on the roof of building 415.

67. Alpha has been damaged by Basco's fraud in excess of $250,000.00.

68. Basco's fraudulent conduct was made willfully and in reckless disregard for the rights of others, warranting punitive damages in the maximum amount allowable under law.

## IV. RELIEF SOUGHT

WHEREFORE, Alpha requests this Court enter Judgment in its favor and against the Defendants in excess of $253,819.84, plus pre- and post-judgment interest and punitive damages, an Order awarding Alpha its costs and attorney fees, and an Order for any other relief in Alpha's favor this Court deems just, equitable or necessary.

Respectfully submitted,

/s/ *Jason T. Seay*
Jason T. Seay, OBA No. 22007
DOERNER, SAUNDERS,
    DANIEL & ANDERSON, LLP
105 North Hudson Avenue, Suite 1000
Oklahoma City, Oklahoma 73102-4805
P: (405) 898.8653
F: (405) 898.8683
jseay@dsda.com

Attorneys for Plaintiff
The United States for the Use and Benefit of Alpha Roofing, LLC,)
an Oklahoma limited liability company,

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America, for the use and benefit of Alpha Roofing, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason T. Seay, Doerner, Saunders, Daniel & Anderson, LLP, 105 N. Hudson Avenue, 10th Floor, OK 73102, (405) 319-3500

## DEFENDANTS
Basco Group, LLC and Aegis Security Insurance Company

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
40 U.S.C. Sec. 3131-3134
Brief description of cause:
Miller Act claim against a general contractor and its surety

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 539,610.08
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 09/06/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/Jason T. Seay

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.